**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LATOYA WAYNE NEAL,

Defendant-Appellant.

No. 07-5069

(N.D. of Okla.)

(D.C. No. 06-CR-211-02-TCK)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Latoya Wayne Neal pleaded guilty to bank fraud, 18 U.S.C. § 1344(1), and

aiding and abetting, 18 U.S.C. § 2(a), after making fraudulent purchases using

stolen credit card numbers. She was sentenced to 22-months imprisonment and

five-years supervised release. Neal was also required to pay restitution, jointly

and severally with a co-defendant, in the amount of $29,744.43. [R., Vol. I,

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Docket #51, at 5]  Before sentencing, Neal objected to portions of the Presentence Report (PSR) detailing the amount of loss and number of victims that resulted from her offense.  The district court denied those objections.  On appeal, Neal renews her objections to the PSR and argues the prison term imposed upon her was procedurally and substantively unreasonable.

We AFFIRM.

**I.**

We review the sentence imposed upon Neal for reasonableness. Reasonableness involves both a procedural and a substantive component: "To impose a procedurally reasonable sentence, a district court must calculate the proper advisory Guidelines range and apply the factors set forth in § 3553(a).  A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case."  *United States v. Hildreth*, 485 F.3d 1120, 1127 (10th Cir. 2007) (internal quotation marks and citations omitted).  A sentence within a properly calculated United States Sentencing Guidelines (USSG) range is presumptively reasonable on appeal.  *Id.* at 1129.

*A.  Procedural Reasonableness*

Neal challenges the calculation of her advisory Guidelines range under USSG § 2B1.1, pointing specifically to the district court's findings that (1) the amount of loss exceeded $30,000 and (2) the number of victims exceeded 50.  We review the district court's interpretations of law de novo and its factual findings

-2-

for clear error.  *United States v. Leach*, 417 F.3d 1099, 1106 (10th Cir. 2005).

Because the parties are familiar with the facts, we only summarize them as

necessary here.

The district court did not err in concluding the amount of loss was greater

than $30,000 and thereby adding six offense level points under USSG

§ 2B1.1(b)(1)(D).  At the sentencing hearing, the government presented evidence

that supported the court's finding that the loss attributable to Neal and her co-

defendant was $68,446.22.[1]  Three witnesses testified on behalf of the

government, and several exhibits were introduced that detailed Neal's fraudulent

transactions.  Neal's argument that she could not have reasonably foreseen such

high losses is belied by the large credit limits on many of the credit card numbers

she stole.  As the district court noted, many of the credit card accounts contained

limits of $20,000.  The court's finding was sufficiently supported.

Nor did the district court err by concluding the number of victims exceeded

50 and adding four offense level points under USSG § 2B1.1(b)(2)(B).  Although

Neal claimed she gave her co-defendant no more than 20 names and account

numbers, there was abundant evidence that over 50 individuals and corporations

---

[1]  According to USSG § 2B1.1 cmt. n.3(A), the loss attributable to a defendant under § 2B1.1 is the greater of actual or intended loss.  In this case, the court found actual loss of $29,286.40 and intended loss of $68,446.22.  Thus, the court was correct to conclude the loss attributable to Neal was $68,446.22.

were victims of her fraud.[2]  For purposes of § 2B1.1(b)(2), a victim is "any person who sustained any part of the actual loss."  USSG § 2B1.1 cmt. n.1; *Leach*, 417 F.3d at 1106.  The government provided sufficient evidence for the district court to conclude that because Neal's fraudulent transactions were conducted via the telephone and Internet, the credit card company would charge-back losses to the merchants who honored the stolen card numbers.  Seventy-eight merchants suffered actual loss in this way.  In addition to these business victims, there was evidence that at least 26 individual cardholders suffered actual loss as a result of Neal's fraud.

After finding facts on the amount of loss and number of victims, the district court properly calculated the advisory Guidelines range.  The court found a base offense level of 7 was proper for a violation of 18 U.S.C. §§ 2(a) and 1344(1).  *See* USSG § 2B1.1(a)(1).  The court then correctly added six points based on the size of the loss and four points based on the number of victims.  *See* USSG §§ 2B1.1(b)(1)(D) and (b)(2)(B).  The court reduced the sentence by three points for Neal's acceptance of responsibility in pleading guilty.  *See* USSG § 3E1.1.  In this way, the court arrived at a total offense level of 14.  Neal's criminal past was

---

[2] Neal's citation to *United States v. Icaza*, 492 F.3d 967 (8th Cir. 2007), is wholly unavailing.  There, the Eighth Circuit determined the only victim of thefts from multiple Walgreens stores was the Walgreens corporation, because there was uncontroverted testimony the parent corporation would cover its subsidiary stores' losses.  Neal has failed to show a single entity will shoulder all of the actual loss in this case.

also correctly found to yield three criminal history points, for a criminal history category of II.

Based on an offense level of 14 and a criminal history category of II, the district court properly determined the applicable Guidelines range was 18–24 months imprisonment. There was nothing procedurally unreasonable about this calculation.

### B. Substantive Reasonableness

We review the substantive reasonableness of a sentence in light of the factors listed in 18 U.S.C. § 3553(a). Because Neal's sentence was within the properly calculated Guidelines range, it is entitled to a presumption of reasonableness on appeal. *See, e.g.*, *Hildreth*, 485 F.3d at 1129.

The district court correctly evaluated the factors set forth in § 3553(a) and Neal's particular background to reach the sentence it imposed. The court stated it "considered the sentencing guidelines along with all the factors set forth in 18 U.S.C. Section 3553(a) to reach an appropriate sentence in this case." R., Vol. IV, at 95. In imposing the same sentence upon Neal as her co-defendant, the court said it wanted to ensure "no unwarranted sentencing disparities [were] created among the defendants." *Id.* There was no error in this approach. *See* 18 U.S.C. § 3553(a)(6) ("The court, in determining the particular sentence to be imposed, shall consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

conduct."). The district court's sentence of 22-months imprisonment, falling within the Guidelines range of 18–24 months, was substantively reasonable.[3]

## II.

Accordingly, the district court's sentence is AFFIRMED.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

---

[3] Neal failed to make any arguments regarding the reasonableness of her five years of supervised release or the $29,744.43 she owes in restitution. She has therefore waived review of those issues. *See, e.g.*, *United States v. Hall*, 473 F.3d 1295, 1303 & n.3 (10th Cir. 2007).